NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3178
_____

IRA FRANK,
                           Apellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
TAX ASSESOR BERNADETTE WILLIAMS
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 3-09-cv-00066)
District Judge:  Honorable Curtis V. Gomez

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

BEFORE:  FISHER, COWEN, and NYGAARD, *Circuit Judges*

(Filed: April 9, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

    Ira Frank appeals the judgments of the District Court granting the Government's

Motion to Dismiss and Motion for Summary Judgment.  Specifically, he challenges the

District Court's ruling on his claim arising from 48 U.S.C. § 1574, his assertion of procedural due process, Equal Protection Clause, and Privileges and Immunities Clause violations, and the District Court's decision to dismiss the remaining tax refund claim. We will affirm.

As this opinion lacks any precedential value, we write only for the benefit of the parties whose familiarity with the case obviates the need for a full recitation of the facts and procedural history. We give plenary review to the District Court's grant of a motion to dismiss and a motion for summary judgment. *Eid v. Thompson,* 740 F.3d 118, 122 (3d Cir. 2014).

Frank asserts a private cause of action under 48 U.S.C. § 1574, declaring that the tax rate schedules in question violate timeshare owners' right to equal protection. Yet, Frank concedes that there is no explicit statutory authorization to raise this suit. His argument for the recognition of an implied right in this case, where the Government is the defendant, is not supported by any relevant legal authority and is not persuasive. We conclude that the District Court did not err by dismissing this claim.

Frank next requests declaratory and injunctive relief from the collection of property taxes because of his alleged inability to obtain a constitutionally adequate review from the Board of Tax Review. However, the District Court already ruled on this issue in a parallel case for the years addressed in Frank's suit. *See Berne Corp. v. Government of Virgin Islands*, 262 F. Supp. 2d 540 (D.V.I. 2003). It issued an injunction—subsequently modified to cover all Virgin Island property owners—dictating that, until the Government developed a property tax system credibly based upon actual

2

value, and demonstrated a properly functioning appeal process, tax bills could only be based on 1998 assessment values. The District Court lifted the injunction on January 20, 2011.

Here, the District Court dismissed Frank's pre-2004 claims as untimely, eliminating his ability to challenge the 1998 assessment value. Frank insists that he is still entitled to a declaratory judgment and an injunction based on constitutionally inadequate review procedures for subsequent years. However, as the District Court stated, the *Berne* injunction was in effect up through January 20, 2011, freezing the assessment values at 1998 levels. This eliminated the basis, claimed by Frank, for declaratory and injunctive relief. Noting that Frank did not plead any constitutional injury from reviews conducted after the District Court lifted the *Berne* injunction, the District Court rightly concluded that any grant of declaratory and injunctive relief here would be premature. The District Court did not err by dismissing this claim.

Frank also asserts that 33 V.I.C. § 2301 violates the Equal Protection Clause of the Fourteenth Amendment. Though the tax measure categorizes timeshare properties differently from Virgin Island homesteads, the separate treatment does not distinguish between residents and non-residents. Additionally, the District Court rightly concluded that the distinction among properties drawn in the statute was rationally related to the legitimate governmental interest of aiding home ownership in the Virgin Islands. The District Court properly dismissed this claim.

For the same reason, Frank's contention is meritless that the Virgin Island's tax scheme in Section 2301 violates the Privilege and Immunities Clause of Article IV of the

3

United States Constitution.  U.S. Const. art. IV, § 2.  As already stated, the statute makes no distinction between resident and non-resident timeshare owners.

Finally, because the District Court rightly dismissed Frank's federal causes, we conclude that the District Court did not err by dismissing the remaining claim against the Virgin Islands for a refund of tax overpayment.  28 U.S.C. § 1367(c)(3).[1]

For all of these reasons, we will affirm the order of the District Court.

---

[1] Frank concedes that his claim for a refund of tax overpayment does not meet the jurisdictional threshold for the amount in controversy under 28 U.S.C. § 1332(d)(2).